UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Terry Douglas Campbell, ) | |
| ) | C/A No. 7:13-1138-GRA-KFM |
| Plaintiff, ) | |
| ) | **Report and Recommendation** |
| vs. ) | |
| ) | |
| Ingles Store #92, 2120 E Main St. Duncan;) | |
| Michael Christopher Folk; Travis Todd King;) | |
| Nathaniel Mark Rainey; John Allen Putman, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Terry Douglass Campbell ("Plaintiff") files this case *pro se*. Plaintiff alleges Defendants attacked him outside a grocery store and seeks monetary damages. As the Complaint provides no basis for subject matter jurisdiction, this case is subject to summary dismissal.

## *Pro Se* and *In Forma Pauperis* Review

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review this Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The requirement of

liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## Background and Discussion

Plaintiff complains that on July 9, 2011, he was attacked by Defendants Michael Christopher Folk, Nathaniel Mark Rainey, and Travis Todd King – three managers of an Ingles grocery store in Duncan, South Carolina – and Ingles customer John Allen Putman. ECF No. 1 at 9. He alleges Defendants slashed the tires of his vehicle with knives and then pursued Plaintiff as he tried to escape. *Id.* He complains he had to seek medical care for chest pain after the chase. ECF No. 1 at 6. He seeks monetary damages for the damage done to his automobile and associated costs, hospital bills, and for defamation he allegedly experienced related to the incident. ECF No. 1 at 7.

In order for this Court to hear and decide a case, the Court must first have jurisdiction over the subject matter of the litigation. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.,* 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter jurisdiction, there is no presumption that the Court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999), 528 U.S. 1155 (2000) (citing *Lehigh Mining & Mfg. Co. v. Kelly,* 160 U.S. 337, 327 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed. R. Civ. P.

12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action").

A plaintiff must allege the facts essential to show jurisdiction in his pleadings. *McNutt v. General Motors Acceptance Corp*., 298 U.S. 178 (1936)).  *See also Dracos v. Hellenic Lines, Ltd.,* 762 F.2d 348, 350 (4th Cir. 1985)("plaintiffs must affirmatively plead the jurisdiction of the court").  To this end, Fed. R. Civ. P. 8(a)(1) requires that a complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]"  If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded."  *Pinkley* at 399 (citing 2 *Moore's Federal Practice* § 8.03[3] (3d ed. 1997)).

The Complaint provides no basis for either federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332.  The claims pose no federal question; thus, they cannot serve as the basis for federal jurisdiction.  Plaintiff may be attempting to set forth causes of action based in state law; if so, this Court would not have jurisdiction to hear them.  Federal courts are allowed to hear and decide state-law claims only in conjunction with federal-law claims, through the exercise of "supplemental jurisdiction."  *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 387 (1998).  Since Plaintiff has asserted no federal claims, this Court cannot exercise "supplemental" jurisdiction over Plaintiff's state claims, if any.  *See Lovern v. Edwards*, 190 F.3d 648, 655 (4th Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants").

A civil action for any state claims would be cognizable in this Court under the diversity statute, if that statute's requirements are satisfied. *Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. 784, 788-791 (D.S.C. 1992). The diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See* 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978). Plaintiff makes no allegation that the parties are diverse. Plaintiff is an inmate at Wateree Correctional Institution in Rembert, South Carolina. ECF No. 1 at 2. Defendants Folk, King, and Rainey are alleged to be employees of Defendant Ingles Store 92 located in Duncan, South Carolina. *Id.* Plaintiff gives a Moore, South Carolina address for Defendant Putnam. ECF No. 1 at 4. Accordingly, facts supporting diversity jurisdiction have not been pleaded.

Though he does not allege jurisdiction under 42 U.S.C. § 1983, Plaintiff may be attempting to state a claim under that section. In that case, the Complaint is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii)[1], as Plaintiff has failed to state a claim for relief under § 1983. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271(1994)(quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v.*

---

[1] 28 U.S.C. § 1915(e)(2)(B)(ii) says the court must dismiss a case if it determines the complaint "fails to state a claim on which relief may be granted."

*Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff has not alleged any constitutional deprivation. Additionally, Defendants are not "person[s] acting under the color of state law." Plaintiff makes no allegation that these Defendants are any kind of state actors that would be amenable to suit under § 1983; rather, Defendants include a store customer and three store managers. Plaintiff has thus failed to state a claim under § 1983.

As Plaintiff has not presented this Court with a basis for subject matter jurisdiction, his Complaint should be dismissed.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case *without prejudice* and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

Kevin F. McDonald
United States Magistrate Judge

May 6, 2013
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).