UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Terry Douglas Campbell, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Ingles Store #92, 2120 E. Main Street, )<br>Duncan, SC; Michael Christopher Folk; )<br>Travis Todd King; Nathaniel Mark Rainey; )<br>and John Allen Putman, )<br>)<br>Defendants. )<br>_____ ) | C/A No.: 7:13-cv-01138-GRA-KFM<br><br>**ORDER**<br>(Written Opinion) |

This matter comes before the Court for review of United States Magistrate Judge Kevin F. McDonald's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) of the District of South Carolina, and filed on May 6, 2013. Plaintiff Terry Douglas Campbell ("Plaintiff"), a *pro se* litigant, filed this civil action alleging that Defendants attacked him, vandalized his automobile, and accused him of shoplifting. ECF No. 1. Pursuant to established procedure in this judicial district, Magistrate Judge McDonald made a careful review of the *pro se* Complaint and recommends that this Court dismiss Plaintiff's claims without prejudice and without issuance and service of process. Report and Recommendation 5, ECF No. 11.

**Standard of Review**

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). A court

may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir.1985), *cert. denied*, 475 U.S. 1088 (1986).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*. In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Furthermore, "[t]he failure to file objections to the report and recommendation waives any further right to appeal." *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see Carter v. Pritchard*, 34 F. App'x 108, 108 (4th Cir. 2002) (per curiam). In this case, Plaintiff timely field objections to the Report and Recommendation. ECF No. 16.

## Discussion

In his Objection to the Report and Recommendation, Plaintiff states that he has made repeated attempts to file a lawsuit in Spartanburg County Magistrate Court without success. Plaintiff further argues that even if he was allowed to file an action in

Spartanburg County he would not be treated fairly. Finally, he requests that this Court exercise supplemental jurisdiction over his case.

Federal courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). In order for a district court to exercise jurisdiction over a civil action, the action must either (1) "arise under the Constitution, laws or treaties of the United States," or (2) the parties must have complete diversity of citizenship and the amount in controversy must be in excess of $75,000. 28 U.S.C. §§ 1331, 1332. "[O]nce a court has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy." *Exxon Mobil Corp.*, 545 at 552. As correctly set forth in the Report and Recommendation, this Court does not have original jurisdiction over any of Plaintiff's claims and thus cannot exercise supplemental jurisdiction over the state-law claims. Report and Recommendation 2–5, ECF No. 11. Therefore, the Court finds that Plaintiff's objections are without merit.

After a careful review of the record, this Court finds that the Magistrate Judge's Report and Recommendation accurately summarizes the case and the applicable law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

**IT IS THEREFORE ORDERED** that the Complaint is DISMISSED without prejudice and without issuance and service of process.

**IT IS FURTHER ORDERED** that Plaintiff's Motions to Appoint Counsel (ECF Nos. 13 & 14) are DENIED as moot.

**IT IS SO ORDERED.**

*[Signature]*

G. Ross Anderson, Jr.
Senior United States District Judge

June  13 , 2013
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within thirty (30) days from the date of the entry of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.